**STATE of Missouri, Respondent,**

v.

**James Edward MOORE, Appellant.**

**No. 51587.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1987.

Motion for Rehearing and/or Transfer
Denied June 2, 1987.

Application to Transfer Denied
July 14, 1987.

Douglas D. Koski, William J. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted, by a jury, of burglary in the first degree, § 569.160, RSMo 1986, forcible rape, § 566.030, RSMo 1986, and sodomy, § 566.060, RSMo 1986. He was sentenced, as a prior offender, to ten, ten and fifteen years' imprisonment respectively, said sentences to run consecutively. We affirm.

This appeal concerns the State's use of defendant's booking sheet during cross-examination of defendant. On appeal from a criminal conviction, we review the evidence in the light most favorable to the State. *State v. Cannady,* 660 S.W.2d 33, 35 [1] (Mo.App.1983). The evidence presented in the case is: Around midnight on September 27, 1985, a man wearing a

ski mask and brown gloves entered victim's duplex and forcibly raped and sodomized her. During the attack victim succeeded in raising her attacker's mask above his eyes. From her view of his face and from hearing his voice, victim recognized her attacker. She identified her attacker, defendant, as a resident of the adjoining duplex. After the rape, victim went to a friend's home, several blocks from her home, and called the police. The police initially contacted victim at 1:10 a.m. at which time she told them she had been raped by defendant. The police arrived at defendant's duplex minutes later and placed him under arrest. Upon taking defendant into custody the police searched his duplex. The ski mask and gloves were not found in defendant's duplex.

On November 1, 1985, defendant filed a written motion for disclosure by the State pursuant to Rule 25.03. Although this discovery request encompassed all papers the State intended to use as evidence, the State did not provide defendant with a copy of the police booking sheet. On February 21, 1986, defendant filed a written motion to suppress evidence obtained by a warrantless search of defendant's duplex. On March 24, 1986, just prior to jury selection, and in order to avoid a hearing on the motion to suppress, the State filed a written stipulation. That stipulation stated in part that the State had "no intention of introducing in its case in chief any evidence seized from the defendant or from his residence or property."

In the State's case in chief there was testimony that no gloves of any kind were found in defendant's duplex, and that when arrested defendant was wearing only a pair of jeans. The State, as per the stipulation, did not introduce, in its case in chief, any evidence seized from defendant, his residence or property.

■ Defendant took the stand and denied commission of the crimes relying on an alibi defense. On cross-examination, defendant denied there were gloves or a mask at his duplex. The State then impeached defendant with a police booking sheet which showed "one gloves" as part of the police inventory of property taken from defendant at the time of his arrest. When the State introduced the booking sheet, defendant objected on the ground it was "beyond the scope of the direct exam." Not until after defendant rested his case and court reconvened after a lunch break did defendant try to assert objections to the booking sheet on the grounds of violation of the Rules of Discovery and violation of the pre-trial stipulation. Defendant failed to make a timely specific objection. *State v. Moss*, 700 S.W.2d 501, 503[1] (Mo. App.1985), and *State v. Brown*, 604 S.W.2d 10, 14–15[4] (Mo.App.1980).

Reviewing for plain error we find no manifest injustice or miscarriage of justice.

■ The use of the booking sheet was not contrary to the literal wording of the stipulation. The State did not introduce, in its case in chief, any evidence seized from defendant, his residence or property. The use of the police booking sheet was also not contrary to the intent of the parties in making the stipulation. Defendant's motion to suppress evidence was directed to evidence defendant asserts was "obtained pursuant to an unlawful search and seizure." The booking sheet, however, dealt with property taken from defendant's person during a custodial search incident to booking and arrest not property taken during an investigatory search of defendant or his residence. *State v. Smith*, 681 S.W.2d 518, 521[8] (Mo.App.1984). We will not presume the parties intended the stipulation to be broader than defendant's motion to suppress. Likewise we will not presume the State intended to limit its rights of impeachment when it agreed not to use evidence in its case in chief. *See State v. Allen*, 710 S.W.2d 912, 915[5] (Mo.App. 1986), and *State v. Jones*, 539 S.W.2d 317, 318[3] (Mo.App.1975).

■ Defendant's second argument that there was a violation of the Rules of Discovery also fails. The prosecutor stated on the record that he only found out about the "one gloves" entry on the booking sheet the night before trial. He asserted that he did not offer it into evidence in his case in chief because he felt to do so might

be contrary to the stipulation. The State did not use the booking sheet until defendant testified there were no gloves at his residence; and then the booking sheet entry indicating defendant's property contained "one gloves" was only used to impeach defendant. A criminal defendant testifying on his own behalf can be impeached as any other witness. *Moss*, 700 S.W.2d at 503[5]. Additionally, the evidence in the booking sheet was merely corroborative of victim's testimony. Thus, assuming without deciding, that the nondisclosure of the booking sheet was a violation of the Rules of Discovery, it was not an abuse of discretion to not sanction the State. *State v. Stigall*, 700 S.W.2d 851, 858[9] (Mo.App.1985), and *State v. Hurd*, 657 S.W.2d 337, 340–41[7, 8] (Mo.App.1983).

■ For there to be plain error the defendant must go beyond demonstrable prejudice and show manifest prejudice affecting his substantial rights. *State v. Scott*, 700 S.W.2d 173, 177[6] (Mo.App. 1985). The State did not use the booking sheet except to impeach the defendant, the gloves were not introduced into evidence or even described, and in closing argument defendant affirmatively argued the nonproduction of the gloves. The evidence of guilt was strong, victim identified defendant by his face and voice, and from her first report of rape through her testimony at trial victim's identification of defendant remained consistent. Defendant has not shown that the booking sheet's reference to "one gloves" without the presence of the gloves or a description by a witness resulted in manifest prejudice. The trial court's refusal to grant relief to defendant after he rested his case was not plain error.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.