STATE of Missouri,
Plaintiff/Respondent,

v.

Kenneth JORDAN,
Defendant/Appellant.

No. 53879.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Stormy B. White, Asst. Public Defender,
Clayton, for defendant/appellant.

William L. Webster, Atty. Gen., William
J. Swift, Asst. Atty. Gen., Jefferson City,
for plaintiff/respondent.

SATZ, Judge.

Defendant, Kenneth Jordan, was convicted by a jury of unlawful possession of a concealable firearm. § 571.070, RSMo 1986. He was sentenced as a persistent offender to six years imprisonment. Defendant appeals. We affirm.

In the early morning of January 1, 1987, Sergeant Frank Kelly responded to a police call about a fight in progress at 720 Westgate in University City. Upon arriving at the building, he observed defendant sitting in the back of a black Pontiac. Defendant's brother Steve was sitting in the driver's seat. While the police were clearing the area, Steve drove off with defendant in the car.

Sergeant Kelly and five officers went into the apartment building where the fight had occurred. After leaving the building, Kelly entered his car and drove around to the rear of the building because he had seen some of the people who had been in front of the building go to the back. As he drove down the rear alley, he saw the black Pontiac again and saw defendant's brother Steve drive the Pontiac away. Kelly then

saw defendant standing next to another car with a gun at his side. Kelly heard someone say "[t]here is the police there" and saw defendant begin walking toward Kelly's vehicle with the gun pressed against his side. As defendant walked by Kelly's car, Kelly said "hold it". Defendant then threw the gun, and it hit a nearby fence. Kelly called for assistance and when another officer, Dowling, arrived, Kelly retrieved the gun, a ".38 Special, Webley." Dowling searched defendant and seized sixteen "shells," ".38 Caliber, Shorts", which were identical to the shells found in the gun thrown by defendant. Defendant was arrested at the scene.

■ Defendant's first argument is neither clear nor explicit. As we understand it, defendant contends the state failed to prove he had possession of the weapon in question, and, therefore, he argues, the state failed to make a submissible case. Defendant's argument is misdirected and, thus, misses the mark.

Immediately prior to the present trial, a hearing was held on defendant's motion to suppress "any and all evidence." The prosecutor called Sergeant Kelly as a witness, and, on direct examination, Kelly testified he saw defendant with a "gun pressed against his right thigh" just before defendant threw the gun away. This testimony apparently was different than Kelly's testimony at a prior trial on the same charge. That trial resulted in a mistrial. At that trial, Kelly was asked when he first saw the gun in question, and, according to defendant, Kelly answered: "Lying on the ground at the base of the fence." Although defendant has not furnished us with the transcript of the prior trial, the transcript was used by defense counsel as an "exhibit" to cross-examine Kelly at the hearing on the motion, and the state does not question the accuracy of defendant's representation of Kelly's prior testimony.

Kelly, however, explained his prior testimony by saying he knew defendant "had a gun" when defendant was standing by the car. He went on to say: "It could have been any brand of weapon, but I knew it was a gun." He said he just did not know "the brand of weapon" it was until he picked it up.

After the hearing, defense counsel used Kelly's testimony as the basis for his motion to suppress. Apparently, counsel argued that Kelly's "prior inconsistent statement" vitiated Kelly's direct testimony and, therefore, Kelly should not be allowed to testify about his seizure of the gun. The trial court apparently accepted Kelly's explanation, credited his testimony and denied defendant's motion to suppress.

Now, on appeal, defendant again focuses solely on Kelly's testimony at the hearing and argues that Kelly changed his prior testimony "to ensure a conviction" at the present trial. "When the state's only witness has previously testified in the same proceeding to a contrary fact," defendant argues, "the state must produce some piece of substantiating evidence of [the defendant's] guilt."

The trial court here had the discretion to credit or discredit Kelly's testimony elicited during the motion to suppress. *State v. Johns*, 679 S.W.2d 253, 261[10], (Mo. banc 1984) cert. denied, 470 U.S. 1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). The trial court apparently accepted Kelly's explanation, credited his testimony and, therefore, denied defendant's motion to suppress. On this record, the trial court's action was more than reasonable. We have also read the transcript of the trial itself. The state did make a submissible case.

Defendant next contends the trial court improperly took judicial notice of an element of the offense; namely, that the barrel of the gun was "less than sixteen inches in length". We disagree.

■ Just prior to the prosecutor resting his case, he asked the court to take judicial notice that the length of the gun barrel was "less than sixteen inches." Defense counsel did not object to this request, nor did he raise this issue in his motion for a new trial. We will, however, review the court's action for plain error. Rule 29.-12(b).

We question whether the trial court committed any error, much less plain error.

Judicial notice simply "dispenses with the necessity of establishing that fact by evidence." *Scheufler v. Continental Life Ins. Co.,* 350 Mo. 886, 169 S.W.2d 359, 365[8] (1943). Arguably, establishing an element of a crime by judicial notice should be permitted only in limited circumstances. It has been done in the past. *See, e.g. State v. Johnson,* 281 S.W.2d 34, 36[1] (Mo. App.1955) (the element of the crime of selling intoxicating liquor was established without proof that beer and whiskey were intoxicating). We cannot conceive of manifest injustice arising from the court's acknowledgment here of the length of the gun barrel—a fact capable of immediate and accurate determination by resort to a readily accessible source of indisputable accuracy, the gun already admitted into evidence. *See, generally, Hagen v. Perryville Board of Aldermen,* 550 S.W.2d 797, 798–99[1] (Mo.App.1977).

■ Defendant's final point is also based on plain error. He contends the trial court improperly permitted the prosecutor to argue defendant's prior conviction in closing argument.

In the part of the closing argument in question, the prosecutor argued:

In determining their credibility you are allowed to take into consideration all things I've read to you. The bias, their prejudice, their previous convictions. There is an instruction about what you may consider. *The burglary conviction on the Defendant,* you can consider Brian Spencer, that he was arrested on three charges that night, he pled guilty on each and every one and he paid a fine on each and every one. Also has been found guilty of DWI.

Consider that when you consider the believability of his testimony.

Consider Stephen Jordan, the Defendant's brother. He's been convicted of carrying a concealed weapon. He wanted to say it was just a sword. Whatever it was it was a felony conviction in the State of Missouri. Consider that when you consider how believable he is. (emphasis added)

Defendant did not testify. Thus, his "burglary conviction" could not be used to assess his credibility. For this reason, defendant argues, the jury was being "reminded" of defendant's prior conviction and, in effect, being told to "use such evidence in assessing [defendant's] guilt." We disagree.

Defendant was charged with possession of a concealable weapon under § 571.070, RSMo 1986. A person commits this crime "if he has any concealable weapon in his possession and ... [h]e has pled guilty to ... a dangerous felony ... during the five year period immediately preceding the date of such possession." § 571.070(1). Tracking this definition, defendant was charged with possession of a concealable weapon and with pleading guilty to "burglary second degree" within the five year period preceding this possession. Therefore, the jury was instructed to find defendant guilty of this offense if, but only if, defendant carried a concealable weapon and pled guilty to the prior offense as charged.

In this context, there can be no question about defendant's prior charge being properly before the jury. More important, the jury was also instructed if it found defendant pled guilty to the burglary charge, it "may consider that evidence on the issue of whether defendant was previously convicted of a dangerous felony", but "[it] may not consider such evidence for any other purpose." In light of these facts and the single instance of the prosecutor's comment, no "manifest injustice or miscarriage of justice" was caused by the prosecutor's possibly erroneous comment. *State v. Murphy,* 592 S.W.2d 727, 732[10, 11] (Mo. banc 1979); *State v. Scrutchfield,* 742 S.W.2d 192, 196[5, 6] (Mo.App.1986).

Judgment affirmed.

SMITH, P.J., and STEPHAN, J., concur.