STATE of Missouri, Respondent,

v.

Eddie MAYO, Appellant.

Eddie MAYO, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54662, 55882.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1990.

James Michael Hardcastle, St. Louis, Elizabeth Clark, Betsy A. Clark, Columbia, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

■ Consolidated appeal. Defendant appeals his conviction of unlawful possession of a concealable firearm and the denial of his Rule 29.15 motion after an evidentiary hearing. He filed no brief with reference to the denial of his Rule 29.15 motion. He has raised no claim of error with reference thereto. We dismiss his Rule 29.15 motion appeal by reason of abandonment. We affirm the direct appeal of his conviction and sentence.

On February 4, 1987, two police officers stopped an unidentified driver for a traffic violation. While investigating they heard shouting. When the officers turned, a shot was fired by defendant who was approximately 75 feet away. The officers chased defendant into a house and arrested him.

Defendant was charged with violating § 571.070, RSMo 1986 as well as four other counts which were severed for trial at a later date. See State v. Cook, 673 S.W.2d 469 (Mo.App.1984). The relevant portion of § 571.070 is:

1. A person commits the crime of unlawful possession of a concealable firearm if he has any concealable firearm and:

(1) He has pled guilty to ... a dangerous felony ... during the five-year period immediately preceding the date of such possession.

The State called a circuit court clerk and a fingerprint expert in order to prove defendant had pled guilty to a dangerous felony within the five years before his arrest.

■ Defendant argues the jury should have been told that evidence of his prior guilty plea was not to be considered to decide if he possessed a firearm. It was only to be used to determine if he had

previously pled guilty to a dangerous felony within the last five years. No cautionary instruction was requested at trial. Because this point was not preserved, defendant seeks plain error review. Rule 30.20; *State v. Moore*, 731 S.W.2d 351, 354 [9] (Mo.App.1987).

Defendant claims no cautionary instruction exists which would apply to cases tried under § 571.070 and goes so far as to offer an instruction which could have been read during the State's case in chief *before* evidence of defendant's guilty plea was admitted. However, defendant had an opportunity to properly submit an appropriate cautionary instruction. That instruction is MAI–CR3d 310.12.

Evidence of defendant's prior guilty plea was relevant to prove a necessary element of the firearms charge. *State v. Jordan*, 761 S.W.2d 685, 687 (Mo.App.1988). There was no error in the court's failure to instruct the jury absent a required request by one of the parties. MAI–CR3d 310.12, Notes on Use 2. *State v. Morris*, 639 S.W.2d 239, 240–41 (Mo.App.1982).

The record shows two police officers testified defendant shot at them and was caught after a brief chase. Defendant offered three witnesses who testified defendant did not shoot at the police. The jury chose not to believe their testimony. There was no "plain error" due to the lack of a cautionary instruction in this case.

The appeal of the judgment of the denial of the Rule 29.15 motion is dismissed. The direct appeal of the conviction and sentence is affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.