**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kelly S. BURKET, Defendant–Appellant.**

**Kelly S. BURKET, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 18885, 19572.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 8, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of possession of more than 35 grams of marijuana, a Class C felony, and he was sentenced to a term of imprisonment of two years. Defendant appeals.

Defendant's first point is that the trial court erred in denying his motion to suppress certain state's exhibits, and in receiving them into evidence over his objection, in that the evidence was seized in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and Art. 1, § 15 of the Missouri Constitution, dealing with unreasonable searches and seizures, "in that Trooper Shockley lacked probable cause to believe that defendant was transporting contraband at the time he searched his personal effects."

By pretrial motion to suppress, renewed during the course of the trial, defendant challenged the constitutionality of Highway Patrol Trooper Mike Shockley's search of the trunk compartment of an automobile and the trooper's seizure of these items: (1) a white cardboard box in which there were five half-gallon Mason jars containing a total of 1,735 grams of marijuana; (2) three bags containing a total of 650 grams of marijuana taken from defendant's luggage, "a blue backpack," and (3) a fliptop box taken from defendant's jacket, after he was arrested, containing tetrahydrocannabinol, the active ingredient in marijuana.

On February 19, 1992, at approximately 10 p.m., Trooper Shockley was on duty on Highway I-44 in Greene County. He observed an eastbound Nissan going 67 miles per hour in a zone where the posted speed limit was 55. Shockley stopped the vehicle, which was driven by defendant. A passenger in the Nissan was Michael Miller. The Nissan was a rented car, and Miller was the lessee.

Shockley asked defendant to come back to the patrol car so Shockley could issue a ticket. Defendant was very nervous. He was rubbing his hands and legs and clearing his throat "all the time." Defendant's speech was very slow, as if he had to think what he wanted to say. Defendant told Shockley he was driving to another state for a wedding and that Miller was along to help him drive to the wedding.

In a separate conversation with Shockley, Miller said he had no knowledge of a wedding. Shockley asked Miller if they were transporting any drugs, and Miller said "no." Shockley testified he believed there might be drugs in the vehicle because of the conflicting statements of Miller and defendant concerning a wedding. Miller told Shockley they came through Texas which, said Shockley, is

a high volume marijuana and drug trafficking state.

Shockley asked Miller for consent to search the vehicle and the luggage in the trunk "for guns or other contraband." Miller gave his consent and opened the trunk. Shockley asked Miller to identify his luggage, and he did so. Shockley opened Miller's luggage and found marijuana. Miller identified a taped-up cardboard box and a blue backpack as defendant's luggage.

Shockley asked defendant whether defendant had any bags in the trunk. Defendant said he did not know which bag was his because his girl friend had packed for him. Defendant said the cardboard box was his and that it contained a piece of fine china which was a wedding gift. Shockley searched the box and the backpack and found 2,385 grams of marijuana in them. Neither contained a piece of china.

Shockley arrested Miller and defendant at the scene and gave them the Miranda warnings. A backup officer arrived, and defendant and Miller were taken to patrol headquarters where a search of defendant's person disclosed the fliptop box.

At the hearing on defendant's motion to suppress, the state has the burden to show by a preponderance of the evidence that the motion to suppress should be overruled. § 542.296.6;[1] *State v. Franklin,* 841 S.W.2d 639, 644[10] (Mo.banc 1992); *State v. Pate,* 859 S.W.2d 867, 870[2] (Mo.App.1993). Appellate review of a ruling on a motion to suppress is limited to a determination of sufficiency of the evidence to sustain the trial court's finding. *State v. Villa–Perez,* 835 S.W.2d 897, 902[9] (Mo.banc 1992). "[I]n so doing, we examine all circumstances and the total atmosphere of the case, and defer to the trial court's vantage point for assessing the credibility of the witnesses and weighing the evidence." *Id.* "Only if the trial court's judgment is clearly erroneous will an appellate court reverse." *State v. Milliorn,* 794 S.W.2d 181, 183[5] (Mo.banc 1990). If the trial court's ruling "is plausible in light of the record viewed in its entirety," this court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 184.

"[There is] one rule to govern all automobile searches. The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991).

An automobile search may be conducted on probable cause to believe that contraband is concealed within, a belief based on circumstances which would justify issuance of a warrant. Probable cause may arise when the facts and circumstances within the knowledge of the seizing officer are sufficient in themselves to produce in a man of reasonable caution a belief that the contents of the automobile offend the law. It is not necessary that the trooper be right in his belief that the automobile contained contraband, only that such belief was reasonable. *State v. Burkhardt,* 795 S.W.2d 399, 404 (Mo.banc 1990).

A trooper who observes a car violating a posted speed limit has authority to stop the car for issuance of a traffic summons. § 304.010.2. While stopping the car for speeding does not alone provide probable cause, it does not preclude a full search of the automobile because the right to search is not dependent upon the right to arrest but upon the probable cause the officer has for belief that the contents of the automobile offend the law. In many instances a traffic violation is a circumstance to consider among the elements giving rise to probable cause justifying a search of the automobile. *Burkhardt,* at 405. "The fact that the speeding violation occurred on Interstate 44 is also an element to be considered. We take notice that the section of Interstate 44 is ... a notorious route used by drug traffickers bringing controlled substances into this state." *Id.*

---

1. All references to statutes are to RSMo 1994, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

■ Prior to searching defendant's effects, Shockley had observed defendant's nervousness, heard conflicting stories from defendant and Miller concerning the wedding, and found marijuana in Miller's luggage. The combination of those factors, together with the fact that the speeding violation occurred on I–44, support the trial court's finding that Shockley had probable cause to believe that defendant's effects, the box and the backpack, contained contraband. *See State v. Walton,* 565 So.2d 381, 384[6] (Fla.App.1990). The subsequent search of defendant's jacket at headquarters was proper. This court holds that the evidence was sufficient to sustain the trial court's denial of defendant's motion to suppress. Defendant's first point has no merit.

Defendant's second point seeks to challenge two trial incidents to which defendant made no objection. Defendant asserts that the incidents constituted plain error as that term is used in Rule 84.13(c), which permits this court, in its discretion, to consider plain errors affecting substantial rights when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. This court has examined the record and finds no plain error. No precedential purpose would be served by discussing the incidents.

The judgment is affirmed.

### Case No. 19572

■ This is defendant's appeal from the trial court's denial, without evidentiary hearing, of his Rule 29.15 motion seeking relief from the conviction. Defendant filed no brief with reference to the denial of his Rule 29.15 motion and made no claim of error with reference thereto in his brief in Case No. 18885. The same situation arose in *State v. Mayo,* 784 S.W.2d 897[1] (Mo.App.1990), where the court said: "We dismiss his Rule 29.15 motion appeal by reason of abandonment." To the same effect see *State v. Henderson,* 824 S.W.2d 445, 447[1] (Mo.App. 1991). The appeal in Case No. 19572 is dismissed.

MONTGOMERY, J., concurs.

SHRUM, C.J., concurs in the result in No. 18885, concurs in No. 19572.

SHRUM, Chief Judge, concurring in result.

I concur in the result in the direct appeal. In my view, the record in No. 18885 supports the conclusion that Trooper Shockley had probable cause to search the Miller automobile and its contents, including defendant's backpack and "wedding gift" box, without relying on the "notorious [I–44] route" element as espoused by the *Burkhardt* court. *See* 795 S.W.2d at 405. Moreover, I believe that the defendant's slow and measured speech, uttered as if he had to think what he wanted to say, was an "important sign" within the meaning of *Burkhardt,* 795 S.W.2d at 405.

However, if *Burkhardt* intends to say that, standing alone, *any* "visible" nervousness or agitation exhibited by a driver stopped for a routine traffic violation, is always an "important sign" in deciding if probable cause existed to search the vehicle and its contents, it is a principle we need not follow in this case. In my experience, routine traffic stops of motor vehicles nearly always produce a citizen with some degree of nervousness and agitation.

I concur in the postconviction case, No. 19572.