COBB, Judge,
dissenting.
Brian Handley discovered at the sentencing hearing that followed his entry of blind guilty pleas that the State had violated Rule 16, Ala. R.Crim. P., by failing to disclose a portion of an oral statement he allegedly made to a police officer. The majority holds that Handley’s objection to the officer’s testimony about the statement was untimely because Handley did not object until after he cross-examined the officer about the officer’s failure to include this portion of the statement in his written report. Under the circumstances of this case, I disagree with the majority’s determination that the objection to the Rule 16 violation was untimely. This Court has stated:
“A trial court should be informed of a party’s failure to comply with discovery procedures as soon as the aggrieved party is aware of the non-compliance. At a minimum, the aggrieved party must object to the undisclosed evidence at the time that evidence is offered and must state the specific grounds for the objection, i.e., that the offending party failed to comply with the discovery order or some other aspect of Rule 16. See Roberson v. State, 595 So.2d 1310, 1316 (Miss.1992); State v. Moore, 731 S.W.2d 351, 353 (Mo.App.1987). The requirement of a timely objection simply gives the trial court the opportunity to take corrective action where such action is warranted, see State v. Willis, 438 So.2d 605, 613 (La.App.1983), and is in keeping with standard trial procedure and evi-dentiary rules.”
Pettway v. State, 607 So.2d 325, 331 (Ala.Crim.App.1992).
The discovery violation was revealed during a sentencing hearing held before the trial court; no jury was present. Defense counsel objected to the officer’s failure to disclose Handley’s entire oral statement while the officer was still on the witness stand. Defense counsel did not delay in making the objection. Rather, he asked the officer three questions to verify that the portion of the statement he testified to on direct examination was not, in fact, in his written report. Immediately after defense counsel confirmed that the *1010 portion of the statement the officer testified to had not been disclosed to him, he informed the court of the discovery violation and moved to have that portion of the testimony struck from the record. The timing of the objection afforded the trial court the opportunity to take corrective action, particularly in light of the fact that no jury was present and the hearing was held before the court. To hold that this objection did not preserve the issue for review elevates form over substance. The issue was preserved for review, and it should have been addressed.
Therefore, I dissent.