

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

JAMES MOORE,            )        No. ED99615

        Appellant,           )        Appeal from the Circuit Court
                                 )        of St. Louis County

vs.                            )
                                 )        Honorable Kristine A. Kerr

STATE OF MISSOURI,        )
                                 )

        Respondent.         )        FILED: February 11, 2014

James Edward Moore ("Appellant") filed a Rule 29.15 motion for post-conviction relief on July 8, 1988, claiming that he received ineffective assistance of counsel. The motion court denied his Rule 29.15 motion for post-conviction relief as untimely on August 16, 1988. Appellant now – 24 years later – seeks to reopen his post-conviction proceeding by alleging the motion court erred by failing to appoint counsel to determine whether Appellant's untimeliness was excusable. We dismiss Appellant's appeal for failure to follow the Missouri Supreme Court Rules for post-conviction relief.

## I. Background

Appellant was charged in the Circuit Court of St. Louis County with burglary in the first degree, in violation of Section 569.160, RSMo. 1986[1], forcible rape, in violation

---

[1] All statutory references are to RSMo. 1986, unless otherwise indicated.

of Section 566.030, and sodomy, in violation of Section 566.060. A trial took place on

March 24 and 25, 1986. The evidence presented at trial was as follows:

> Around midnight on September 27, 1985, a man wearing a ski mask and
> brown gloves entered victim's duplex and forcibly raped and sodomized
> her. During the attack victim succeeded in raising her attacker's mask
> above his eyes. From her view of his face and from hearing his voice,
> victim recognized her attacker. She identified her attacker, defendant, as a
> resident of the adjoining duplex. After the rape, victim went to a friend's
> home, several blocks from her home, and called the police. The police
> initially contacted victim at 1:10 a.m. at which time she told them she had
> been raped by defendant. The police arrived at defendant's duplex
> minutes later and placed him under arrest. Upon taking defendant into
> custody the police searched his duplex. The ski mask and gloves were not
> found in defendant's duplex.

State v. Moore, 731 S.W.2d 351, 352-53 (Mo. App. E.D. 1987).

At the close of all the evidence, the jury found Appellant guilty on all counts. On

December 30, 1986, the court sentenced Appellant, as a prior and persistent offender to

consecutive terms of ten years for the burglary, ten years for the rape, and fifteen years

for the sodomy.

On April 21, 1987, this Court affirmed Appellant's convictions and sentences. Id.

at 351.

On October 8, 1987, Appellant filed a *pro se* post-conviction motion to vacate

pursuant to Rule 27.26,[2] alleging ineffective assistance of counsel. On November 21,

1989, after a public defender was appointed for him, Appellant filed an amended motion

pursuant to the same rule. On November 28, 1989, and on February 8, 1990, the motion

court held an evidentiary hearing. The motion court issued findings of fact and

conclusions of law on April 23, 1990, denying Appellant's post-conviction relief motion.

The Missouri Supreme Court reversed the motion court's ruling on March 24, 1992, and,

---

[2] In January 1988, the Missouri Supreme Court repealed and replaced Supreme Court Rule 27.26 with
Supreme Court Rules 24.035 and 29.15.

remanding the case, held the motion court was clearly erroneous in its finding there was no prejudice to Appellant when his trial counsel failed to obtain blood tests requested by Appellant. Moore v. State, 827 S.W.2d 213 (Mo. banc 1992).

Meanwhile, during the pendency of the Rule 27.26 motion, Appellant filed another post-conviction motion pursuant to Rule 29.15, on July 8, 1988. The motion court overruled and denied such motion on August 16, 1988. Appellant filed a motion to reopen his Rule 29.15 proceeding on August 10, 2012 – nearly 24 years later. The motion court denied his motion, stating the court found nothing in Appellant's motion to cause the court to find the relief sought was necessary or appropriate. This appeal follows.

## II. Discussion

Post-conviction motions filed pursuant to Rule 29.15 are governed by the rules of civil procedure "insofar as applicable." Rule 29.15(a); Cook v. State, 156 S.W.3d 418 (Mo. App. E.D. 2003). Rule 29.15 in effect at the time of the filing of Appellant's Rule 29.15 motion provided the following:

> This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15. If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provision of Rule 27.26 in effect on the date the motion was filed.

Rule 29.15(m) (1988).

Appellant's sentence was pronounced on December 30, 1986 – prior to the January 1, 1988 deadline contained in Rule 29.15. Appellant filed his *pro se* post-

3

conviction motion pursuant to Rule 27.26 on October 8, 1987, and while that was pending, he attempted to file a Rule 29.15 motion for post-conviction relief on July 8, 1988.

Appellant's post-conviction motion was accordingly governed by Rule 27.26. See Fincher v. State, 795 S.W.2d 505, 506 (Mo. App. W.D. 1990) (if a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief is governed by the provisions of Rule 27.26). Because Appellant's Rule 27.26 motion was reviewed, he was not entitled to proceed under Rule 29.15. Moore v. State, 827 S.W.2d at 213. Not only was Appellant's post-conviction motion reviewed, but the relief he sought was also granted when the Missouri Supreme Court found ineffective assistance of counsel and remanded Appellant's case. Id. No legal or equitable principle here would allow Appellant another bite at the apple when he was required under the rules to seek post-conviction relief only by way of Rule 27.26. The motion court did not err in denying Appellant's motion to reopen his Rule 29.15 proceeding 24 years later. We dismiss the appeal.

### III. Conclusion

The appeal is dismissed.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs

4