STATE of Missouri, Respondent,

v.

Larry L. SLOAN, Appellant.

No. WD 40609.

Missouri Court of Appeals, Western District.

April 3, 1990.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This is an appeal from Larry Sloan's conviction for assault in the first degree, § 565.050, RSMo 1986, and unlawful use of a weapon, § 571.030.1(3), RSMo 1986. He was adjudged a prior and persistent offender and sentenced to concurrent terms of twenty and ten years imprisonment respectively. Sloan contends 1) trial court error in admitting the prior recorded statement of James Everhart, a witness for the prosecution, 2) trial court error in not granting a mistrial after the state elicited evidence of his prior criminal record, 3) trial court error in denying his Rule 29.15 motion without an evidentiary hearing, and 4) that the trial court was without jurisdiction to permit him to be tried for both assault and unlawful use of a weapon as this violated his right to be free from double jeopardy.

The sufficiency of the evidence is not in dispute, the evidence viewed in the light most favorable to the verdict is as follows: On March 27, 1987 Janice Sloan was in the process of getting a divorce from the appellant Larry Sloan. Janice lived with her daughter Sandra and grandson Kirk in a mobile home in Cameron, Missouri. That evening, Janice met her mother and Sandra in Kansas City to go shopping and returned to Cameron at approximately 8:00 p.m. While passing through town, both Janice and Sandra saw Sloan's car. Sloan turned his car around to follow Janice and parked his car in a driveway across the street from Janice's trailer.

Janice, her mother and Sandra went into the trailer and were joined by Janice's sister and other grandson. At 10:30, the mother and sister left and Janice went into her bathroom to get ready for bed. She then heard a loud pop. She ran into the living room and told Sandra she thought

someone had just shot at her. Janice and Sandra took the children and crawled into the hallway.

After sitting for a while, Sandra went into the bathroom. She found a hole in the window, and the mirror was broken. She then turned out all the lights and the television and went to a nearby trailer to call the police. When Sandra returned, she noticed the time was 11:01 p.m. She looked out the window and saw Sloan's car drive by.

The police arrived and questioned a neighbor, Mrs. Koechner, who said she had heard gun shots at around 10:45 p.m. She looked out her window and saw a dirty, medium sized car headed toward her house with no headlights on. At 1:00 a.m. the following morning, a police officer took Koechner to the Plaza Restaurant and Lounge in Cameron where she was shown Sloan's car. She agreed it looked like the same vehicle she saw outside her window earlier that evening. Sloan was then arrested. More facts will be provided *infra*.

■ Sloan's first point contends trial court error in "overruling appellant's objections to the introduction of James Everhart's prior written statement ... in that the statement did not fall within the purview of § 491.074; which requires that the statement be 'inconsistent' with the witness' testimony at trial, and the statement ... was duplicative of Everhart's trial testimony and contained consistent statements which bolstered Everhart's trial testimony and prejudiced appellant...."

Everhart and Sloan were incarcerated together in the Dekalb County Jail. Everhart testified that Sloan told him, "he shot at his wife and missed. That's about all he said about that." The prosecutor then handed Everhart a copy of a signed statement he had made to Lt. Dan Jones to refresh his memory. Everhart then further testified that Sloan said "he shot at her [Janice], trying to kill her—that he tried to harm her," then threw the gun into the reservoir.

On cross-examination, Everhart testified that Lt. Jones did not write down everything he told him, to wit on some occasions Sloan said he did shoot at his wife and on other occasions he said he did not, and that Everhart couldn't remember whether Sloan said he was trying to harm his wife or kill her, although Lt. Jones wrote down Sloan was trying to kill her. On redirect, Everhart testified that Lt. Jones left some statements out, however, he "signed it [the statement] anyway." The state then moved to admit the prior written statement into evidence as a prior inconsistent statement, pursuant to § 491.074. Defense counsel objected, arguing Everhart did not make *inconsistent* statements, only *additional* statements which the officer did not record. The court overruled the objection and allowed the prior statement.

■ Some real inconsistency must appear before evidence of alleged inconsistent statements becomes competent. *State v. Laux*, 755 S.W.2d 315, 317 (Mo.App.1988). Whether an inconsistency exists is to be determined by the whole impression and effect of what has been said and done. *State v. Dunn*, 731 S.W.2d 297, 300 (Mo. App.1987). Mere isolated words or phrases, or an omission of detail, will not suffice as a basis for the necessary contradiction. *Id.*

The court agrees with Sloan that the trial court erred in allowing the statement to be admitted as substantive evidence. The prior statement of Everhart was wholly consistent with his testimony at trial; he merely added facts which, while not favorable to the prosecution, were in no way inconsistent or contradictory. *Dunn, supra*. The prior written statement simply bolstered and enhanced what Everhart testified to on the stand. However, the error was not prejudicial and was harmless because the prior written statement was cumulative to properly admitted testimony which fully proved the issue. *State v. Ford*, 753 S.W.2d 5, 7 (Mo.App.1988); *State v. Ayers*, 724 S.W.2d 556, 560 (Mo.App.1986); *See also State v. Wright*, 751 S.W.2d 48, 53

(Mo. banc 1988). Although Sloan cites *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987), as dispositive, that case was concerned with a "total duplication" of testimony. *Wright, supra; Ford, supra.* No such duplication occurred in the instant case. Point one is denied.

■ Sloan's second point claims the trial court abused its discretion in not granting, *sua sponte*, a mistrial after the state elicited evidence of a prior crime. He contends this was error in that, since he exercised his right not to testify, the prosecution had no right to inject his criminal record into the case.

Officer Edward Baker, who spoke with Sloan at the police station after the arrest, was called to testify for the state. When he was asked what Sloan said, defense counsel objected, attempting to prevent any mention of Sloan's prior criminal record. The court instructed the state not to go over the complete statement. The prosecutor then again asked Officer Baker what Sloan said; the officer answered:

> When I got to the station, he [Mr. Sloan] was asking who supposedly seen him shoot at the trailer. I told him that I believed his car was seen in the area, and after several times of questioning about this, he said this was it, *I'm going down again,* and *when I get out this time,* there will be—there better be none of you in Cameron because I'll come out shooting, there will be some shooting. (Emphasis added.)

Defense counsel did not raise a new objection to this testimony, nor did he ask for a mistrial. Sloan now tacitly concedes plain error review of this point. Any error under this review must impact so substantially upon the rights of the defendant so that manifest injustice or a miscarriage of justice will result if the error is left uncorrected. *State v. Johnson*, 770 S.W.2d 263, 269 (Mo.App.1989).

■ The declaration of a mistrial is a drastic remedy, and the court should exercise this power only in extraordinary circumstances. *State v. Bowles*, 754 S.W.2d 902, 911 (Mo.App.1988). The trial court has observed the incident which gave rise to the question of mistrial and was in a better position than an appellate court to evaluate the prejudicial effect, if any, on the jury. *Id., State v. Schneider*, 736 S.W.2d 392, 401 (Mo. banc 1987).

In order to invoke the rule that evidence which tends to prove other crimes is inadmissible, there must be evidence that the defendant has committed, or has been accused of, charged with, convicted of, or been definitely associated with, another crime or crimes. *Bowles, supra; State v. Garcia*, 682 S.W.2d 12, 13 (Mo.App.1984). Moreover, the mere mention of another offense is not *per se* prejudicial in the trial of a criminal case. *State v. Pippenger*, 708 S.W.2d 256, 268 (Mo.App.1986); *State v. Woody*, 699 S.W.2d 517, 524 (Mo.App.1985). Whether reversal is required depends upon the circumstances of the case and the extent of the prejudice therefrom. *Pippenger, supra.*

In light of the fact that there was only one instance where Sloan's prior criminal record was alluded to, the prosecutor did not embellish on the testimony, and the statement itself was vague and lacked details of a specific crime, *see State v. Alexander*, 729 S.W.2d 467, 469 (Mo. banc 1986); *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985); *State v. Hurst*, 732 S.W.2d 206, 209 (Mo.App.1987); *State v. Gates*, 720 S.W.2d 744, 745 (Mo.App.1986), the prejudice, if any, from the statement was minimal and therefore a mistrial was not required. This disposition of the point should not be taken as a sign of approval as to future cases, particularly where the state had previously agreed to squelch such testimony. Point two is denied.

■ Sloan next claims error in the trial court's denial of his Rule 29.15 motion for postconviction relief without first granting an evidentiary hearing. He concedes this motion was raised outside the time limits specified in Rule 29.15(f).

No relief can be given. The time limitation contained in Rule 29.15 is valid and

mandatory, *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), and the trial court has no authority to give additional time beyond that provided by the rule. *Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989). Point three is denied.

■ The fourth and final point contends Sloan's right to be free from double jeopardy was violated in that the unlawful use of a weapon charge was a lesser included offense of the assault charge and, therefore, he could not be convicted of both.

The state concedes that based on the facts of the instant case, Sloan's right to be free from double jeopardy was violated. The court therefore reverses Sloan's conviction for unlawful use of a weapon while affirming his conviction for assault in the first degree. *State v. Williams*, 784 S.W.2d 276, 280–81 (Mo.App.1989).