**STATE of Missouri, Respondent,**

v.

**Derrick ALLEN, Appellant.**

**No. 55454.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 25, 1991.

Application to Transfer Denied
Nov. 19, 1991.

John Krehmeyer, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals conviction of possession of a controlled substance, phencyclidine. Section 195.020 RSMo 1986. Defendant claims the evidence was insufficient to support a guilty verdict and was the product of an illegal search and seizure. We affirm.

The search and seizure issue will be disposed of first because that activity elicited the evidence necessary to charge the defendant, namely the drug. On May 20, 1987, at approximately 10:00 a.m., Officer Thomas Crowley observed defendant driving a white 1976 Buick. He noticed the license plate was a November plate, but the inspection sticker on the windshield was an August sticker. The officer radioed the dispatcher and learned the license plates were not registered to the car. Officer Crowley then pulled defendant over and asked to see a driver's license and his registration. The defendant claimed he had neither and identified himself by a false name.

"As a matter of procedure" defendant was placed under arrest for operating a vehicle without a valid driver's license. In the process of a pat down search pursuant to the arrest, the officer discovered a driver's license in defendant's pocket. The name on the license, that of the defendant, was different than the name originally given to the officer by the defendant. Defendant's license had been suspended.

Also, as part of standard procedure, defendant was informed his car would be towed because there was no other licensed driver in the car. The arrest took place outside defendant's girlfriend's apartment. Although, she came out and offered to drive defendant's car, the officer began an inventory search of the car as required by department regulation. During the search, the officer found a vial under the front seat arm rest. Lab tests indicated the vial contained phencyclidine (PCP).

Defendant contends the vial found in the car and evidence the vial contained PCP should have been suppressed because it was obtained during a warrantless search of defendant's automobile. The law does not support the contention.

Generally, if the decision to impound and inventory is made in accordance with standard procedures, a warrant is unnecessary. *State v. Milliorn*, 794 S.W.2d 181, 186 (Mo. banc 1990) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976)). In the present case, the standard procedure requirement was met. Officer Crowley arrested defendant because he was operating a vehicle without a valid driver's license. The officer testified regulations require impounding an automobile if another licensed driver is not present in the car at the time of arrest. Defendant was alone in the car. The evidence of the procedure was not challenged. In accord with the procedure and in order to protect the police department from claims of lost goods, an inventory of the car must be made. Through the inventory, the vial was found. The vial, therefore, is the product of a valid inventory procedure, not a warrantless search.

Defendant next argues the court erred in overruling his motions for acquittal because the state did not produce sufficient evidence to support a finding defendant was in "knowing and conscious possession" of PCP on May 29, 1987. We disagree.

In the present case, there is ample evidence to support a verdict of guilty. First, exclusive control of the premises on which controlled substances are found raises an inference of possession and control of those substances. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982). The defendant owned and had exclusive control over the automobile he was driving. Even though he testified to frequently loaning the vehicle to friends and family, the vehicle was still in his control at the time the vial was found. In fact, defendant could not remember whether or to whom he had loaned the automobile the day before the arrest. At most, the available inference and defendant's testimony presented a factual dispute for the jury on the issue of his knowledge.

Second, when the officer asked defendant his name after being pulled over, the defendant gave his brother's name.

Defendant contends the reason for giving the false name was to cover the fact his driver's license had been suspended. The jury was free to accept or reject the explanation. However, false statements to police or deceptive behavior can give rise to an inference of guilty knowledge. *State v. Applewhite*, 682 S.W.2d 185, 188 (Mo.App. 1984). Obviously, giving another's name as your own is a false statement. Defendant's acts, therefore, supported an inference of knowledge of the presence of PCP in his car and supported submission of the charge on the issue of knowledge.

■ Third, defendant argues "mere traces" of PCP found is insufficient to support a guilty verdict. The quantity seized is not relevant for purposes of sufficiency of proof. *State v. Willers*, 794 S.W.2d 315, 319 (Mo.App.1990).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.