**STATE of Missouri, Respondent,**

v.

**Eddie MAYO, Appellant.**

**Eddie MAYO, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56683, 60253.

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1992.

Rosalyn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

By substitute information in lieu of indictment, the state charged Eddie Lee Mayo with five felonies arising out of events which occurred on February 4, 1987. On February 23, 1988, the court severed Count IV which charged unlawful possession of a concealable firearm, a class C felony defined in § 571.070 RSMo 1986. Defendant's appeal of conviction and fifteen year sentence on that charge was denied by this court. *State v. Mayo*, 784 S.W.2d 897 (Mo.App.1990). The state tried defendant as a class X offender on the remaining four counts. The jury convicted and the court sentenced defendant on Count I, unlawful use of a weapon, a class D felony in violation of § 571.030.1(4) RSMo 1986 to a term of ten years; on Count II, a class B felony of assault in the first degree in violation of § 565.050 RSMo 1986 to a term of twenty years; on Count III, a class A felony of armed criminal action in violation of § 571.015 RSMo 1986, referencing the assault charge, to a term of twenty years; and on Count V, a class D felony of hindering prosecution in violation of § 575.030 RSMo 1986 to a term of ten years. All four sentences in the present trial were concurrent to one another but consecutive to the fifteen year sentence previously imposed on severed Count IV. Defendant appeals both the convictions and denial of Rule 29.15 relief.

■ We summarily deny defendant's direct appeal issue alleging the convictions of assault in the first degree, armed criminal action and unlawful use of a weapon are defective because conviction on all three charges constitutes a violation of defendant's protected rights against double jeopardy. The argument is without merit where the three offenses have different elements all of which were proven. The state may, in a *single proceeding,* charge and convict a defendant under separate statutes for the "same conduct" if the legislature has expressly authorized cumulative punishments under each statute. *Missouri v. Hunter,* 459 U.S. 359, 369, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543 (1983); *State v. Gottsman,* 796 S.W.2d 27, 29 (Mo. App.1990). This is true even if those statutes "may be construed to proscribe the same conduct under the *Blockburger* test." *Missouri v. Hunter,* 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543.

■ We also summarily deny defendant's claim of trial court error in reference to the prosecutor's statement in closing argument "what liberty, if any, is going to be decided by the judge." This issue was not preserved and is reviewable only as a matter of plain error. We need not and do not approve of the argument in deciding that it was not a matter of plain error where: (1) it was the legal duty of the court, not the jury, to determine punishment for a class X offender; (2) the subject matter, judicial punishment, was invited by defendant's closing argument; and (3) there is no clear prejudice resulting from a misstatement of fact or law within the argument.

■ Finally, we summarily reject defendant's appeal from denial of Rule 29.15 relief based wholly on a claim trial counsel was ineffective for not impeaching a police officer witness on a designated subject. The court accepted trial counsel's testimony that the "discrepancies" which were important to defendant were legally insignificant. The findings and conclusions of the motion court are not clearly erroneous. The judgment denying post conviction relief is affirmed. Rule 84.16(b).

Defendant's remaining two claims of error are both directed at Count V. That count charges defendant with a class D felony of hindering prosecution "for the

purpose of preventing the apprehension of an unnamed subject for conduct constituting the crime of illegal possession of a controlled substance on February 4, 1986, ... by means of force Police Officers Timothy Lachenicht and Richard Will from performing an act that might aid in the apprehension of the unnamed subject, by shooting at the police officers and thereby preventing them from apprehending the unnamed subject." One commits the crime of hindering "if for the purpose of preventing the apprehension, ... of another for conduct constituting a crime he: (4) Prevents or obstructs, by means of force, ... anyone from performing an act that might aid in the discovery or apprehension of such person." Section 575.030.1(4) RSMo 1986.

■ The jury could have found from the evidence defendant fired two shots from a pistol in the direction of Officers Lachenicht and Will when they were in the process of talking to an unidentified driver of a vehicle, stopped for a traffic violation. Defendant was approximately seventy to eighty feet from them when he fired the first shot and approximately thirty feet from Officer Lachenicht when he fired the second shot. The driver, the only occupant, exited the vehicle in the direction of Officer Will. Officer Lachenicht observed a small plastic bag laying on the floorboard on the passenger side of the vehicle. The bag contained a white powder subsequently found to be cocaine. This occurred about 9:00 p.m. The area was lighted by a spotlight from the police car and a domelight in the vehicle.

As Officer Lachenicht recovered the bag containing cocaine, he heard a subject shout: "Hey, leave him alone." When the officer turned around, he saw a gun flash and heard a gunshot. He immediately ran in the direction of the gunshot. At a distance of thirty feet a second shot was fired. The officer pursued the gunman to capture without ever losing sight. He saw the defendant drop and he recovered the pistol. The pistol contained four live and two spent cartridges.

There was no evidence from which the jury could find the identity of the unnamed driver stopped by the police officers. There was no evidence who owned the vehicle. There was no evidence the driver misled the police by false answers to any questions nor was there any evidence of flight. The officers, for good reason, abandoned discussion with the unknown driver in favor of capturing defendant who unlawfully used a weapon in a manner which was either an attempt to kill or cause serious physical injury to the officers. After the shootings, nothing further occurred involving the unknown driver.

Defendant claims the court erred in accepting a guilty verdict on the count of hindering prosecution because the evidence was insufficient to support the conviction in that "the state failed to show that another person had knowing possession of cocaine, and therefore had committed a crime." Defendant preserved the issue of sufficiency of proof by motions for judgment and in the motion for new trial. Defendant's related claim of error is the court erred in submitting Instruction No. 8, the verdict directing instruction on the offense of hindering prosecution, because the instruction "failed to submit to the jury that the other person [unknown driver] was aware of the character of the cocaine as required by the pattern instruction." This claim of error was not presented to the trial court in either an objection to the instruction or in the after trial motion. If reviewed separately, it would be reviewable only as a matter of plain error. However, the argument made in regard to the insufficiency of the instruction for failure to require the jury to find that the unknown driver was aware he possessed cocaine and was aware of the character of the substance controlled is well taken in connection with the claim the instruction was legally insufficient to submit the charge.

Instruction No. 8 was patterned after MAI–CR 2d 29.04 [now 329.04]. That instruction read as follows:

As to Count IV, if you find and believe from the evidence beyond a reasonable doubt:

First, that on February 4, 1987, an unknown person committed the offense

of illegal possession of cocaine, in his automobile at 3919 Carter, and

Second, that on February 4, 1987, in the City of St. Louis, State of Missouri, the defendant by means of force did prevent Police Officers Timothy Lachenicht and Police Officer Richard Will from performing an act that might aid in the apprehension of the unknown person, and

Third, that defendant so acted for the purpose of preventing the apprehension of the unknown person for the offense referred to in paragraph First,
then you will find the defendant guilty under Count IV of hindering prosecution.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

*A person commits the crime of illegal possession of cocaine if he has under his control cocaine.*

If you do find the defendant guilty under Count IV of hindering prosecution, you will return a verdict finding him guilty of hindering prosecution. (Our emphasis).

The issue regarding the sufficiency of the instruction relates to the next to the last paragraph.

The pattern instruction and the notes on use direct the instructions be submitted so the jury must find the unknown person committed the offense of illegal possession of cocaine and that crime must be defined within the instruction. The court informed the jury only that a person commits the crime of illegal possession of cocaine if he has under his control cocaine. The instruction did not define the crime of illegal possession of cocaine at the time of the events charged. MAI–CR 2d 32.06 [now 325.06]. The pattern instruction for submission of the charge of illegal possession of cocaine required the court to submit and the jury to find defendant: (1) had control of cocaine and (2) was aware of the character of the substance and knew he had it under his control. Obviously, Instruction No. 8 did not define the crime of illegal possession of

cocaine. It failed to submit to the jury a question of whether the unknown and unidentified driver knew he had cocaine in the vehicle *and* was aware of the nature and character of cocaine.

An analysis of the claim of error regarding the incomplete instruction requires a focus on whether there was evidence to support a finding on the unsubmitted issues. Defendant's motions for judgment of acquittal, as well as his argument in the motion for new trial and before this court, contend the evidence was insufficient to prove the charge. This is true unless there was evidence from which, if submitted, the jury could find the unknown and unidentified driver was aware the cocaine was in the vehicle and knew the nature and character of the drug.

We held in *State v. Allen*, 817 S.W.2d 526, 527 (Mo.App.1991) the state made a submissible case on the issue of knowledge where there was evidence from which the jury could find defendant was the owner and sole occupant of the vehicle wherein the police found drugs. In *Allen* there was also proof of guilty knowledge because the defendant gave the police a false name in an effort to avoid prosecution. *Id.* at 526. In the present case, there is no similar evidence to support an inference the unknown driver knew cocaine was in the vehicle or was aware of the character of cocaine. The driver was alone but otherwise unconnected to the vehicle. There is no evidence who owned the vehicle or under what circumstances defendant was operating it. Officer Lachenicht was able to observe the plastic bag laying on the passenger front floor only because the door was open and the police spotlight was on. This is insufficient to support a finding the unidentified driver knew the plastic bag was there, knew its content and the character of its contents. Nor was there any evidence to indicate the driver had any "guilty knowledge."

On the facts offered, the jury could not conclude the acts of defendant prevented the apprehension of "another," the unidentified driver, "for conduct constituting a crime." Such finding required evidence the

unidentified driver was acting in a manner which constituted a crime. The statute defines the crime of hindering prosecution in terms of preventing the apprehension of a criminal. But there was no evidence from which the jury could find the unidentified driver committed a crime. Accordingly, the judgment and sentence on the charge of hindering prosecution must be reversed.

We affirm convictions and sentences on the charges of unlawful use of a weapon, assault first degree, and armed criminal action. We affirm denial of post conviction relief under Rule 29.15. We reverse the judgment and sentence on the charge of hindering prosecution.

SMITH, P.J., and AHRENS, JJ., concur.