**Kenneth COPE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent,**

No. 74787.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1999.

Elizabeth A. Haines, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SIMON, P.J., and CRANE and MOONEY, JJ.

## MEMORANDUM DECISION

PER CURIAM.

Kenneth Cope ("Movant") appeals from the motion court's denial of his post-conviction relief motion without an evidentiary hearing. Movant argues on appeal that his trial counsel was ineffective in that she improperly induced Movant to plead guilty to the charges of robbery in the first degree and burglary in the first degree by promising him that he would receive certain credit for time spent in jail toward service of his sentence in this case. We affirm. Appellate review of a trial court's action on a postconviction relief motion is limited to a determination of whether the trial court's findings and conclusions are clearly erroneous. *North v. State*, 878 S.W.2d 66, 67 (Mo.App. W.D.1994); Rule 24.035(j). Such findings and conclusions will be deemed clearly erroneous if, upon review of the entire record, the "appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State*, 748 S.W.2d 903, 905 (Mo.App. E.D.1988), *quoting Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App. E.D.1985). Upon our review, we find that the trial court was not clearly erroneous in denying Movant's Rule 24.035 motion without an evidentiary hearing.

Normally, in order to demonstrate ineffective assistance of counsel movant must establish that his counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances, and that movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 736–737 (Mo. banc 1979). However, "[w]hen a movant claims to have pled guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief. Only when it appears that a [movant's] belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistake is reasonable." *Robinson v. State*, 952 S.W.2d 315, 318 (Mo.App. E.D.1997). However, a plea does not become involuntary because a movant expects a lighter sentence than that

actually received. *Minner v. State*, 887 S.W.2d 758, 760 (Mo.App. S.D.1994). Further, a mere prediction or advice of counsel does not constitute legal coercion nor render a guilty plea involuntary. *Tyus v. State*, 913 S.W.2d 72 (Mo.App. E.D.1995).

Here the record refutes Movant's allegation that he pled guilty based upon his attorney's promise that he would receive credit for time served, given that the record contains no evidence that his trial counsel did more than request credit for time served after Movant pled guilty. Moreover, Movant stated during his plea sentencing and hearing that: (1) he understood the advice and counsel given to him; (2) he was voluntarily pleading guilty; (3) he had discussed both the state's recommendation and the ranges of punishment with his attorney; and (4) he was completely satisfied with his attorney's advice and assistance. (LF 38–47). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).