

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| ROMELL BATES, | ) | No.ED100153 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Ellen L. Siwak |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | February 25, 2014 |

Romell Bates appeals the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Bates argues that his guilty pleas had no factual basis, violated his right to be free from double jeopardy and were involuntary due to ineffective assistance of counsel. We affirm.

Bates was charged with robbery in the first degree, assault in the first degree, unlawful use of a weapon, three counts of armed criminal action and two stealing counts. Bates pled guilty to all counts and was sentenced to a total of eighteen years of imprisonment. After sentencing, Bates filed an amended Rule 24.035 motion for post-conviction relief, asserting that (1) the facts he admitted at his guilty plea hearing did not constitute both first-degree assault and unlawful use of a weapon and, therefore, accepting his pleas on those counts without a factual basis violated his right to due process and being sentenced on both counts for the same conduct violated his right to be free from double jeopardy; (2) plea counsel was ineffective because she advised him his

sentence would be twelve years and he received eighteen years instead; and (3) plea counsel was ineffective because she failed to call witnesses and introduce other evidence related to Bates's Attention-Deficit/Hyperactivity Disorder ("ADHD"), social history and learning difficulties.

The motion court denied Bates's request for an evidentiary hearing and entered findings of fact and conclusions of law. It found that (1) first-degree assault and unlawful use of a weapon are crimes with distinct elements and, therefore, a defendant may be convicted of both for the same conduct and, moreover, Bates acknowledged that the facts recited by the State at the plea hearing were substantially correct; (2) the record refuted Bates's claim regarding plea counsel's sentencing advice because Bates acknowledged that the plea court was not bound by any sentencing recommendation, was aware that the court could impose more or less time than was recommended and also admitted that no one promised him what sentence he would receive; and (3) Bates's claim regarding plea counsel's failure to call witnesses at sentencing was also refuted by the record. This appeal follows.

Our review of the motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. Worthington, 166 S.W.3d at 572. To obtain an evidentiary hearing on a post-conviction motion the movant must raise facts, not conclusions, warranting relief, the allegations must not be refuted by the

record and the claims must have resulted in prejudice to the movant. Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009).

In Point I, Bates argues that the first-degree assault and unlawful use of a weapon charges were based on the same conduct. Bates claims his rights to due process and to be free from double jeopardy were violated because there was an insufficient factual basis for his guilty pleas to those charges. We disagree.

The indictment charged Bates and his co-defendants (collectively "the Defendants") with assault in the first degree under Section 565.050. The indictment alleged—and Bates agreed at the plea hearing that the State would have proven at trial—that the Defendants shot at the victim, which was a substantial step toward the crime of attempting to kill or cause serious injury to the victim and which was done for the purpose of committing assault. The indictment also charged them with unlawful use of a weapon under Section 571.030.1(3). It alleged—and again Bates agreed the State would have proven—that the Defendants shot a firearm into a dwelling house. In his post-conviction motion and here on appeal, Bates argues that only one shot was fired at the hotel window in which the victim was standing. He contends that one shot cannot constitute both the crime of assault and the crime of unlawful use of a weapon without violating double jeopardy protections. But the police report Bates cites in support of the fact that there was only one shot does not appear to have been part of the record before the motion court and is not part of the record on appeal.

Even assuming that Bates's convictions were based on a single shot fired into the dwelling house and at the victim, there was no double jeopardy violation. "The United States Supreme Court has determined that the federal double jeopardy clause protects

3

defendants not only from successive prosecutions for the same offense after either an acquittal or a conviction, but also from multiple punishments for the same offense. Typically, to determine whether multiple charges constitute the same offense, courts consider whether each offense necessitates proof of a fact which the other does not." State v. Liberty, 370 S.W.3d 537, 546 (Mo. banc 2012) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932) (other internal citations and quotation marks omitted)); see also State v. Burns, 877 S.W.2d 111, 112 (Mo. banc 1994) (Blockburger's "same-element" test appears to have been codified in Sections 556.041 and 556.046.1(1)).

Each of the offenses in this case has an element different from the other, and they are separate offenses. "A person commits the crime of unlawful use of weapons if he or she knowingly . . . [d]ischarges or shoots a firearm into a dwelling house." Section 571.030.1(3). "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. Thus, one statute requires proof that the shot was fired at a dwelling house and the other requires proof that the shot was fired in attempt to injure another person. These statutes criminalize two different kinds of conduct—shooting at a dwelling and trying to kill or injure another person. Thus, even when a single shot is fired at a person standing in a dwelling house, two crimes have been committed. In Yates v. State, we concluded that a single shot fired from a car and into a house could support conviction under two subsections of the unlawful use of a weapon statute. 158 S.W.3d 798, 802 (Mo. App. E.D. 2005). Because one subsection required proof that the firearm was shot into a dwelling house and the other subsection required proof that the firearm was shot from a motor vehicle, they were different offenses and there was no double

4

jeopardy violation. Id. (citing State v. Gordon, 948 S.W.2d 673, 675 (Mo. App. E.D.1997) (no double jeopardy violation for prosecution of sodomy and incest based on same conduct because elements of each offense are different)). Likewise, in this case, there is no double jeopardy violation.

Bates relies heavily on State v. Sloan, in which one shot was fired into a trailer and at the victim. 786 S.W.2d 919, 920-21 (Mo. App. W.D. 1990). The defendant was convicted of assault in the first degree and unlawful use of a weapon. Id. at 920. On appeal, the defendant raised a double jeopardy issue, claiming that unlawful use of weapon was a lesser-included offense of the assault charge and, therefore, he could not be convicted of both. Id. at 923. The State conceded that "based on the facts of the instant case" there was a double jeopardy violation. Id. The Court "therefore reverses Sloan's conviction for unlawful use of a weapon while affirming his conviction for assault in the first degree." Id. The Court did not provide any analysis under double jeopardy principles or otherwise explain how unlawful use of a weapon was a lesser included offense of first degree assault in that case, except to cite to State v. Williams, seemingly for the proposition that a conviction may not be returned on both an inclusive offense and the included offense.[1] 784 S.W.2d 276, 280-81 (Mo. App. E.D. 1989).

While we take no issue with the Sloan court's handling of that case given the State's concession, we are hesitant to base our decision here on the one-sentence conclusion reached in that case. Sloan does not contain the double jeopardy analysis under Blockburger and its progeny that we must apply to the facts of this case—a case in which there is no concession by the State that a double jeopardy violation has occurred.

---

[1] The court in Williams concluded that forcible stealing was a lesser included offense of first degree robbery and reversed the stealing conviction.

5

We cannot assume that had the Sloan court conducted that analysis absent the State's concession, it would have reached the same conclusion. Having conducted that analysis ourselves, we conclude these crimes had separate elements and there was no double jeopardy violation.

Bates also discusses State v. Mayo, which was cited by the motion court in its findings. 829 S.W.2d 474 (Mo. App. E.D. 1992). In Mayo, the defendant was convicted of unlawful use of a weapon, assault in the first degree and armed criminal action. Id. at 475. On appeal, this Court "summarily" denied the claim that conviction on all three charges was a violation of double jeopardy and provided only a brief explanation:

> The argument is without merit where the three offenses have different elements all of which were proven. The state may, in a single proceeding, charge and convict a defendant under separate statutes for the same conduct if the legislature has expressly authorized cumulative punishments under each statute. This is true even if those statutes may be construed to proscribe the same conduct under the Blockburger test.

Id. (internal citations and quotation marks omitted). Bates suggests that the Court's conclusion could have been based on the fact that, according to the opinion in the first Mayo appeal, the defendant fired one shot at two officers, thereby providing a basis for two offenses and distinguishing it from this case. See State v. Mayo, 784 S.W.2d 897 (Mo. App. E.D. 1990). That suggestion is pure speculation as the Court did not address those facts in its brief discussion of double jeopardy in the second appeal.

We also find that there was a sufficient factual basis to support Bates's guilty pleas for each offense as required by Rule 24.02(e). The indictment laid out all of the elements of the crimes; Bates acknowledged that he understood the charges; the State indicated that it would prove all of the elements of both offenses, including that the Defendants shot at the victim in an attempt to kill or seriously injure him and shot at a

6

dwelling; Bates acknowledged that those facts were substantially true and correct; and Bates stated that he pled guilty to each charge because he was, in fact, guilty. This is more than enough to establish the necessary factual basis. See Wilder v. State, 301 S.W.3d 122, 130 (Mo. App. E.D. 2010) (factual basis established where indictment sets forth elements, defendant understands nature of charges and defendant pleads guilty to each).

In sum, we find no clear error in the motion court's findings and conclusions on this claim. This record refutes Bates's claim that his convictions were not supported by a factual basis or violated his right to be free from double jeopardy, and he is not entitled to an evidentiary hearing on that claim. Point I is denied.

In Points II and III, Bates contends that his counsel was ineffective in advising him about and handling his sentencing. "To obtain an evidentiary hearing for claims related to the ineffective assistance of counsel, the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was thereby prejudiced." Morrow v. State, 21 S.W.3d 819, 823 (Mo. banc 2000) (internal citations omitted). There is a strong presumption that counsel's strategy was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "To demonstrate prejudice, the facts must show a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. We presume that counsel's conduct was reasonable and effective, and that any challenged action was part of counsel's reasonable trial strategy." McKee v. State, 336 S.W.3d 151, 153-54 (Mo. App. E.D. 2011).

Bates claims that counsel advised him he would be sentenced to twelve years if he pled guilty and, instead, he received eighteen. He argues that he would not have pled guilty if he had known the sentence would be eighteen years and that he is also prejudiced by having to serve a longer sentence. When a movant claims to have pled guilty based on a mistaken belief about the sentence, the test is whether a reasonable basis exists in the record for such belief. Cope v. State, 989 S.W.2d 265, 266 (Mo. App. E.D. 1999). A "plea does not become involuntary because a movant expects a lighter sentence than that actually received," and "mere prediction or advice of counsel does not constitute legal coercion nor render a guilty plea involuntary." Id.

Here, the record refutes Bates's claim that counsel's advice rendered his plea involuntary. Bates said he understood that because he refused the plea bargain and this was an open plea, the court could impose any sentence it thought appropriate, regardless of recommendations. Bates confirmed that he was pleading guilty of his own free will. He agreed that no threats or promises had been made to induce him to plead guilty and, specifically, that no one had promised him what sentence he would receive. Bates argues that we cannot rely on this record to refute his allegations because his ADHD caused him to be confused and scared when he gave those answers at the plea hearing. But the record refutes that argument as well: Bates told the court he understood everything that was going on and, when asked directly if there was anything that would make it hard for Bates to understand or would confuse him about the proceedings, he said no. If he was scared or confused because of his ADHD or for any other reason, he could have told the judge about it then.

Bates cites several cases for the proposition that he is entitled to a hearing simply by alleging that he received erroneous advice about his sentence. In each of those cases, the movant alleged that counsel made an affirmative misrepresentation about the consequences of the sentence, which is quite different than the bad advice or unfulfilled prediction that Bates alleges he received here. See Fogle v. State, 124 S.W.3d 509 (Mo. App. S.D. 2004) (State conceded that allegations of counsel's misinformation as to whether new sentence under plea agreement would run concurrent with existing sentence required hearing); Hao v. State, 67 S.W.3d 661 (Mo. App. E.D. 2002) (State conceded that allegation of counsel's misstatements about percentage of sentence movant would serve warranted evidentiary hearing); Beal v. State, 51 S.W.3d 109 (Mo. App. W.D. 2001) (movant alleged counsel misinformed him about applicability of eighty-five percent rule, which counsel admitted in motion court). Also, the errors by counsel in those cases were not refuted by the records in those cases. Here, Bates's alleged reliance on counsel's advice that he would receive twelve years is refuted by the record demonstrating that Bates knew the length of his sentence was completely at the judge's discretion and that no particular sentence was promised. The record demonstrates that Bates had no reasonable basis to expect any particular sentence and, therefore, refutes his claim that counsel's advice rendered his plea involuntary.

Bates also argues that counsel was ineffective for failing to call two witnesses and introduce certain records, which Bates claims would have established his social history and his ADHD diagnosis and caused the court to impose a more lenient sentence. There is a strong presumption that counsel's decision not to call a witness at sentencing is a

9

matter of reasonable trial strategy and will not support an ineffective assistance of counsel claim. See Pittman v. State, 331 S.W.3d 361, 366 (Mo. App. W.D. 2011).

At sentencing, the State recommended a twenty-year sentence, and the sentencing assessment recommended between sixteen and thirty years. Bates's counsel asked the court to consider a reduced sentence of twelve years because Bates was not the principal actor (his co-defendants had actually pulled the trigger and drove the getaway car). Counsel also argued that Bates had only a single prior felony, had never been to prison, was only twenty-one, had been in a special education program and had a family history of mental illness and substance abuse. Counsel further pointed out Bates's below-average risk score due to his age and educational level. Bates himself addressed the court as well. He told the court he was living on the streets and had no one to help him: his mother was also on the streets, his father was not in his life, his brother was in prison and his grandmother was dead. Bates said he did not know any better growing up.

The court expressed concern about the seriousness of the charges against Bates, the danger his crimes posed to the community and the fact that he committed them while on probation. The court explained that, nevertheless, the sentence would be reduced from the recommended twenty years based on the arguments of counsel. The reduction was not as much as counsel requested, the court elaborated, because Bates was on probation at the time of the crime and because of his prior conviction.

This record refutes Bates's claim in multiple ways. First, it demonstrates that the court was already aware of Bates's family history and educational level. Further testimony on those matters could be considered cumulative, and failure to put on cumulative witnesses is not ineffective assistance of counsel. See Deck v. State, 381

S.W.3d 339, 351-52 (Mo. banc 2012). Second, the record demonstrates that even if the court had been aware of the additional fact of Bates's ADHD diagnosis, it is not likely that information would have resulted in a different sentence. The court was clear that its main concern was the seriousness of the crime and the fact that it occurred while Bates was on probation. The court expressly noted that it was persuaded by counsel's arguments to reduce the sentence by two years, which included arguments regarding his background and his role in the crime. It is doubtful that Bates's ADHD diagnosis would have outweighed the court's concerns about the nature of the crime and resulted in an even further reduction in the sentence when similar factors already before the court did not. Moreover, to the extent counsel could have focused more on Bates's background over his role in the crime, that choice in pursuing one trial strategy over another does not amount to ineffective assistance in this case.

In sum, we find no clear error in the motion court's findings that the record refutes Bates's ineffective assistance of counsel claims and that he is not entitled to an evidentiary hearing. Points II and III are denied.

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.

11