

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| HYDRES BINION, | ) | No. ED109813 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Steven R. Ohmer |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: August 9, 2022 |

## Introduction

Hydres Binion ("Binion") appeals from the motion court's judgment denying post-conviction relief following a jury conviction for first-degree statutory sodomy. Binion raises three points on appeal. Point One argues the motion court clearly erred in denying his Rule 29.15[1] motion without an evidentiary hearing because appellate counsel was ineffective in failing to challenge the sufficiency of the evidence that he consciously committed the charged conduct. Points Two and Three contend the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective in failing to call two character witnesses at the sentencing hearing whose testimonies would have mitigated his sentence. Because the jury was free to disbelieve Binion's defense that he was asleep and did not consciously commit the charged act, the motion court did not clearly err in finding appellate counsel was not ineffective in failing to raise the

---

[1] All Rule references are to Mo. R. Crim. P. (2016).

issue on appeal, and we deny Point One. Because Binion cannot show that presenting the witnesses' testimonies at the sentencing hearing would have mitigated the sentence given other substantial evidence presented to show his good character before the trial court, and because some of the suggested witness testimony addressed issues of guilt not before the trial court, the motion court did not clearly err in finding trial counsel provided effective assistance, and we deny Points Two and Three. Accordingly, we affirm the motion court's judgment.

<u>Factual and Procedural History</u>

The State charged Binion with one count of statutory sodomy in the first degree arising out of an incident that occurred in March 2014, when numerous family members stayed overnight at the home of Binion and Victim's grandmother. Victim was ten years old. Victim, Victim's cousin, and Binion slept fully-clothed on a pallet in the kitchen. The other family members slept in the bedrooms. The State charged that Binion inappropriately touched Victim during the night.

The case proceeded to a jury trial. At trial, Victim testified that he was asleep and woke up to Binion touching him with his hand. Victim testified that Binion touched his genitals under his clothes, making skin-to-skin contact. Binion squeezed Victim from behind in a bear hug, moving against him. Victim testified that Binion said nothing during the touching, and that Binion was "[s]till asleep." Binion testified that he only remembered going to sleep and waking up the next morning. Binion's theory of defense at trial was that because he was sleeping when the criminal conduct allegedly occurred, he could not have consciously committed the offense.

The jury found Binion guilty of the charged offense. At the sentencing hearing, the trial court noted it received the sentencing assessment report ("SAR") and "a number of impassionate letters" on behalf of Binion. The State informed the trial court that the sentencing range for first-degree statutory sodomy was ten to thirty years or life in prison due to the Victim's age. The

2

State recommended eighteen years in prison given the nature of the offense and Binion's prior convictions. Trial counsel requested probation. Trial counsel discussed the mitigating context of Binion's prior convictions, none of which were for sexual abuse involving children, and directed the trial court's attention to details in some of the letters from friends and family on Binion's behalf, including a letter from his employer affirming his long-term employment. Trial counsel emphasized Binion's significant work history, and noted that Binion was a grandfather to twenty-four grandchildren with no prior allegations of him touching any children, has been a good provider for his family, and has a great deal of family support. Binion denied ever touching or harming a child. Binion further explained that when many family members stay over, they sleep on pallets together, and nothing like this had ever happened.

The trial court commented that Binion's track record on probation was mixed and that his criminal history included a sexual offense against an adult and alcohol abuse. The trial court acknowledged receiving "a big stack of letters and very impassioned on behalf of various people and that is impressive." The trial court explained that it declined to second-guess the jury's decision and noted Victim's age and the nature of the crime. The trial court sentenced Binion to twenty years in prison. Binion appealed from his conviction and sentence, and this Court affirmed the judgment. See State v. Binion, 490 S.W.3d 395 (Mo. App. E.D. 2016).

Binion moved for post-conviction relief, alleging among other claims that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on appeal and that trial counsel was ineffective in failing to call witnesses at his sentencing hearing. Binion's amended motion contended that trial counsel should have called Sharon Warren ("Warren") and Donald Hopkins ("Hopkins"). Binion alleged he told trial counsel both witnesses might be willing to testify about Binion's good character, quality family ties, and work history. Binion

3

alleged that Warren, the mother of four of Binion's children, would have testified that none of their children could believe that Binion committed the charged offense and that Binion was a good father to their children and to the children from her previous relationships. Hopkins, the son of Victim's grandmother, would have testified that he could not believe the incident occurred in the manner in which it was reported because his mother called him the morning after the incident, told him that Binion had raped Victim, but later changed her story. Binion further claimed Hopkins would have informed the trial court that Binion was a good man who would never hurt anyone and that Hopkins's son was the other boy sleeping on the pallet with Binion and Victim that night. Finally, Hopkins would have testified that he did not know how anyone could believe that Victim knew or understood what had happened because Victim suffers from debilitating mental disabilities.

The motion court denied Binion's Rule 29.15 motion without an evidentiary hearing. Binion now appeals.

Points on Appeal

Binion raises three points on appeal. Point One asserts the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because appellate counsel was ineffective in failing to challenge the sufficiency of the State's evidence that the charged touching was a voluntary, conscious act. Points Two and Three contend the motion court erred in denying Binion's Rule 29.15 motion because trial counsel was ineffective in failing to call Warren and Hopkins, respectively, to testify as character witnesses at the sentencing hearing in that there was a reasonable probability that their testimonies would have caused the trial court to impose a lesser sentence.

Standard of Review

Our review of a motion court's denial of post-conviction relief is limited to determining whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); Hounihan v. State, 592 S.W.3d 343, 347 (Mo. banc 2019) (internal citation omitted). Findings of fact and conclusions of law are clearly erroneous when, in light of the entire record, we are left with "a definite and firm impression that a mistake has been made." Id. (internal quotation omitted). We presume the motion court's findings are correct and defer to the motion court's credibility determinations. Shockley v. State, 579 S.W.3d 881, 892 (Mo. banc 2019) (internal citations omitted).

A movant is not guaranteed an evidentiary hearing. Rule 29.15(h). A motion court is not required to conduct an evidentiary hearing if the motion and the files and records of the case conclusively show the movant is not entitled to relief. Wallace v. State, 573 S.W.3d 136, 143 (Mo. App. E.D. 2019) (citing Rule 29.15(h); DePriest v. State, 510 S.W.3d 331, 338 (Mo. banc 2017)).

Discussion

I.      The Strickland[2] Standard for Ineffective Assistance of Counsel

"To obtain post[-]conviction relief under Rule 29.15, the movant must satisfy the two-prong Strickland standard." Hounihan, 592 S.W.3d at 347 (citing Anderson v. State, 564 S.W.3d 592, 600 (Mo. banc 2018) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984))). Specifically, a movant must show by the preponderance of the evidence that: "(1) [] counsel failed to exercise the level of skill and diligence reasonably competent trial counsel would in a similar situation, and (2) [the movant] was prejudiced by that failure." Shockley, 579 S.W.3d at

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

5

892 (citing Strickland, 466 U.S. at 687).  "Because a movant must establish both deficient performance by counsel and prejudice, if a movant fails to establish one prong, a court need not address or consider the other."  Dawson v. State, 611 S.W.3d 761, 769 (Mo. App. W.D. 2020) (internal quotation omitted).

Under the first prong, the movant must overcome the strong presumption that counsel's conduct was reasonable and effective.  Shockley, 579 S.W.3d at 892 (internal citation omitted).  "An attorney's performance is deficient when it fails to rise to the level of skill that would be exercised by a reasonably competent attorney under similar circumstances."  Hounihan, 592 S.W.3d at 347 (citing Anderson, 564 S.W.3d at 600).  "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[.]"  Shockley, 579 S.W.3d at 892 (citing Dorsey v. State, 448 S.W.3d 276, 287 (Mo. banc 2014)).

Under the second prong of the Strickland standard, a movant must prove that counsel's deficient performance prejudiced the movant's defense.  Hounihan, 592 S.W.3d at 347 (citing Anderson, 564 S.W.3d at 601).  "Prejudice transpires when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. (quoting Anderson, 564 S.W.3d at 601).

## II.     Point One—Ineffective Assistance of Appellate Counsel

Point One focuses on appellate counsel's failure to challenge the sufficiency of the State's evidence supporting the charge of first-degree statutory sodomy—specifically, that Binion voluntarily and consciously committed the charged offense.

The same Strickland standard applies to our review of claims of ineffective assistance of appellate counsel.  Wallace v. State, 573 S.W.3d 136, 142 (Mo. App. E.D. 2019) (quoting Tate v. State, 461 S.W.3d 15, 22 (Mo. App. E.D. 2015)).  When alleging appellate counsel performed

6

deficiently by failing to raise an issue on appeal, "the error on appeal must have been so obvious that a competent and effective lawyer would have recognized and asserted it." Hounihan, 592 S.W.3d at 347 (internal quotation omitted). Appellate counsel has "no duty to present non-frivolous issues where appellate counsel strategically decides to winnow out arguments in favor of other arguments." Wallace, 573 S.W.3d at 142 (quoting Tate, 462 S.W.3d at 23). Failure to raise a meritless claim on appeal does not constitute ineffective assistance of appellate counsel. Hounihan, 592 S.W.3d at 349 (quoting Anderson, 564 S.W.3d at 617); Wallace, 573 S.W.3d at 142 (quoting Tate, 461 S.W.3d at 22). Further, to warrant post-conviction relief, the movant must have been prejudiced by appellate counsel's failure to bring the sufficiency of evidence claim. Hounihan, 592 S.W.3d at 350.

"[T]he State is required to prove every element of a criminal offense beyond a reasonable doubt." Id. (internal citation omitted); State v. Holmes, 626 S.W.3d 339, 342 (Mo. App. E.D. 2021) (internal citation omitted). Binion raises the issue of the consciousness of his acts and maintains that even if he engaged in the conduct claimed by Victim, he did so in his sleep.

"Criminal liability is premised on a defendant's conduct involving voluntary acts." State v. Voss, 488 S.W.3d 97, 110 (Mo. App. E.D. 2016) (internal citations omitted); see Section 562.011.1[3] (providing that "[a] person is not guilty of an offense unless his liability is based on conduct which includes a voluntary act"). A "voluntary act" is defined as either (1) "[a] bodily movement performed while conscious as a result of effort or determination; or (2) [a]n omission to perform an act of which the actor is physically capable." Section 562.011.2. The physical movements of a sleeping person are generally considered unconscious, non-volitional, and

---

[3] All Section references are to RSMo (2016), unless otherwise noted.

involuntary. See Ballew v. Aiello, 422 S.W.2d 396, 399 (Mo. App. Spr. 1967) (citing Stokes v. Carlson, 240 S.W.2d 132, 136 (Mo. 1951)).

Binion argues that appellate counsel should have challenged the absence of evidence that he acted consciously and voluntarily in committing the charged offense. Binion reasons that he would have prevailed on appeal because (1) the trial record contained testimony that Binion was asleep during the act and thus not criminally liable even if the acts took place; and (2) evidence of Binion's unconsciousness during the alleged act precluded the State from satisfying the required element of first-degree statutory sodomy that the act be performed for the purpose of sexual gratification. See Section 562.011.1–2; Voss, 488 S.W.3d at 110 (internal citations omitted); see also Section 566.010(1) (defining "deviate sexual intercourse" as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person . . . done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim").

In support of his argument, Binion identifies some evidence in the record, including Victim's testimony that Binion said nothing while touching Victim and that Binion was "[s]till asleep." Binion testified that he only remembered going to sleep and waking up the next morning and that, to the best of his knowledge, he was sleeping during the alleged act. However, to prevail in challenging the sufficiency of the evidence on appeal, a defendant must do more than show that some evidence supports his claim. A defendant must show that the record lacks sufficient evidence supporting the verdict. See State v. Nash, 339 S.W.3d 500, 509 (Mo. banc 2011) (internal citation omitted).

As the State notes in its responsive brief, the standard of review for sufficiency claims requires that the reviewing court examine the record for whether sufficient evidence exists in the

8

record from which a jury reasonably could have found that Binion committed the offense as charged. See id. (internal citation omitted). "This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt." Holmes, 626 S.W.3d at 341 (quoting Nash, 339 S.W.3d at 509). Critically, "[w]hen reviewing the sufficiency of evidence supporting a criminal conviction, the Court does not act as a 'super juror' with veto powers, but gives great deference to the trier of fact." Id. at 342 (quoting Nash, 339 S.W.3d at 509). Indeed, we must recognize the special province of the jury to weigh credibility and determine the facts. See Nash, 339 S.W.3d at 509 (internal quotation omitted) ("[T]his Court will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case.").

Here, the jury heard testimony from both Victim and Binion. The jury was free to disbelieve and disregard Binion's testimony that he was was asleep during the charged act. See id.; see also Ballew, 422 S.W.2d at 399 (citing Stokes, 240 S.W.2d at 136). Moreover, a jury reasonably could have found that Victim did not know the state of Binion's consciousness and only speculated that Binion was asleep. The jury also heard Victim testify that he was asleep during the alleged conduct but, in response to questioning, Victim clarified that in fact he had woken up to Binion touching him. The jury further reasonably could have disbelieved Binion's testimony that he was asleep and did not remember touching Victim's penis and butt and moving against him in a humping motion. See Nash, 339 S.W.3d at 509. Lastly, on the element of whether the sodomy was done for the purpose of sexual gratification, the jury was free to infer

9

the requisite intent from the sexual nature of the act itself. See Holmes, 626 S.W.3d at 342 (internal quotation omitted) (noting that "[i]n assessing whether a defendant touched another 'for the purpose of arousing or gratifying the sexual desire of any person,' a jury may infer intent from the surrounding circumstances or from 'the sexual nature of the act itself.'"). In light of the applicable standard of review and our deference to the jury's assessment of the evidence at trial, we are persuaded that the jury reasonably could have found from the State's evidence that Binion consciously, voluntarily and knowingly committed the acts as charged for the purpose of arousing or gratifying his sexual desire. See id. at 341–42 (citing Nash, 339 S.W.3d at 509).

Because Binion's sufficiency claim would not have been successful, appellate counsel was not ineffective in declining to raise the meritless claim on appeal. See Hounihan, 592 S.W.3d at 349 (internal citation omitted); Wallace, 573 S.W.3d at 142 (internal citation omitted). And because the record before us conclusively refutes Binion's Rule 29.15 claim, the motion court did not clearly err in denying his claim without an evidentiary hearing. See Rule 29.15(h). Point One is denied.

III.    Points Two and Three—Ineffective Assistance of Trial Counsel

In his remaining two points on appeal, Binion challenges the effectiveness of trial counsel for not calling two character witnesses at his sentencing hearing.

Sentencing does not concern a defendant's guilt or innocence. Rush v. State, 366 S.W.3d 663, 666 (Mo. App. E.D. 2012) (quoting Lafler v. Cooper, 566 U.S. 156, 165 (2012)). However, ineffective assistance of trial counsel at sentencing may warrant post-conviction relief because "any amount of [additional] jail time has Sixth Amendment significance." Id. (quoting Lafler, 566 U.S. at 165). To be entitled to post-conviction relief, Binion must demonstrate that trial counsel's failure to call witnesses at his sentencing hearing fell below an objective standard of reasonableness. Dawson, 611 S.W.3d at 769 (citing Cherco v. State, 309 S.W.3d 819, 825 (Mo.

10

App. W.D. 2010)). "Trial counsel has a 'duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary.'" Wallace, 573 S.W.3d at 143 (quoting State v. Harris, 870 S.W.2d 798, 815 (Mo. banc 1994)). However, "[t]here is a strong presumption that counsel's failure to call a witness at sentencing is a matter of reasonable trial strategy and will not support an ineffective assistance of counsel claim." Routt v. State, 493 S.W.3d 904, 911 (Mo. App. E.D. 2016) (citing Bates v. State, 421 S.W.3d 547, 554 (Mo. App. E.D. 2014)). Even if trial counsel failed to present mitigating evidence at sentencing, Binion must demonstrate he was prejudiced by that failure. See Dawson, 611 S.W.3d at 769. Specifically, he must show that but for trial counsel's errors, the result of the sentencing would have been different in that he would have received a lesser sentence. Id. (internal quotation omitted).

As often occurs, the motion court hearing Binion's post-conviction motion also served as the trial and sentencing court. In finding no basis in the record to support Binion's claims of ineffective assistance of trial counsel, the motion court determined that Binion's claims relating to trial counsel were attempts by Binion to relitigate previously decided issues. As the State correctly notes, where the motion court also serves as the sentencing court, the motion court's ruling as to the impact of character witnesses is *virtually unchallengeable*. Dawson, 611 S.W.3d at 771 (quoting Cherco, 309 S.W.3d at 831) ("[W]here, as here, the sentencing court and the motion court are one in the same, . . . a motion court's finding that character witnesses would not have ameliorated the sentence [is] virtually unchallengeable under the clearly erroneous standard.").

In this case, the motion court determined that additional evidence from character witnesses would not have mitigated the sentence. The record of the sentencing hearing

11

demonstrates that, prior to imposing sentence, the trial court received and considered many impassioned letters submitted by Binion's friends, family, and employer on behalf of his good character, family background, and work history. To the extent Warren and Hopkins would have testified regarding Binion's character, such testimony would have been similar to the character evidence presented at the sentencing hearing. Trial counsel is not ineffective for failing to call witnesses to provide cumulative evidence. See Wallace 573 S.W.3d at 144 (quoting McLaughlin v. State, 378 S.W.3d 328, 343 (Mo. banc 2012) (noting "[f]ailure to present mitigating evidence at sentencing that is cumulative to that which was presented does not constitute ineffective assistance of trial counsel")); Bates, 421 S.W.3d at 554 (citing Deck v. State, 381 S.W.3d 339, 352 (Mo. banc 2012)). The trial court also considered Binion's prior convictions, probation violations, as well as the nature of the charged criminal conduct and Victim's age. Viewing the complete record, we are not persuaded that Binion has overcome the presumption that trial counsel acted reasonably in not calling Warren or Hopkins to testify at the sentencing hearing, nor has Binion demonstrated error in the motion court's virtually unchallengeable ruling as to the potential impact of their testimonies on his sentence. See Dawson, 611 S.W.3d at 771 (quoting Cherco, 309 S.W.3d at 831).

Moreover, the record conclusively refutes Binion's claim that there is a reasonable probability he would have received a lesser sentence had trial counsel called Warren and Hopkins. See Dawson, 611 S.W.3d at 769 (internal citation omitted); Bates, 421 S.W.3d at 554. Binion alleges Warren would have testified that none of her and Binion's children could believe that Binion sodomized Victim. Binion alleges Hopkins would have testified that he could not believe the incident occurred because his mother first said Binion raped Victim and then changed her story and, further, Victim was not believable because he suffered from mental disabilities.

12

The nature of the claimed testimony shows that neither witness would have provided admissible character evidence at Binion's sentencing hearing. Instead, the testimony of both witnesses would have focused on the issue of Binion's guilt of the charged offense. Testimony regarding a defendant's guilt or innocence is admissible during the guilt phase of trial but is not relevant to a defendant's good character for purposes of sentencing. See Rush, 366 S.W.3d at 666 (citing Lafler, 566 U.S. at 165) (distinguishing claims of sentencing error from claims of error in assessing guilt at trial); see also State v. Hardridge, 628 S.W.3d 244, 250 (Mo. App. W.D. 2021) (quoting State v. Ervin, 979 S.W.2d 149, 158 (Mo. banc 1998) ("[I]t is well established that the purpose of having a separate penalty phase is 'to permit the presentation of a broad range of evidence that is relevant to punishment but irrelevant or inflammatory as to guilt.'")). We cannot hold trial counsel to be ineffective for failing to call witnesses at a sentencing hearing whose testimony would not have provided admissible character evidence. See Dawson, 611 S.W.3d at 771 (citing Cherco, 309 S.W.3d at 831); Rush, 366 S.W.3d at 666 (citing Lafler, 566 U.S. at 165).

Given the virtually unchallengeable ruling on the impact of character witnesses by a court that served as both the sentencing and motion court, as well as the substance and cumulative nature of the witnesses' testimonies, Binion's claims of ineffective assistance of trial counsel are conclusively refuted by the record. See Rule 29.15(h). We therefore find the motion court did not clearly err in denying Binion's Rule 29.15 claims of ineffective assistance of trial counsel without an evidentiary hearing. See Wallace, 573 S.W.3d at 143 (citing Rule 29.15(h); DePriest, 510 S.W.3d at 338). Points Two and Three are denied.

13

## Conclusion

The judgment of the motion court is affirmed.

_____
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Thomas C. Clark II, J., concurs.

14